IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          Case No. 14-10113-01-JTM

 NESTOR DUENAS-VAZQUEZ,

    Defendant.

**MEMORANDUM AND ORDER**

On October 14, 2014, defendant entered into an agreement (Dkt. 42) with the government wherein he agreed to plead guilty to possession of heroin with intent to distribute and to forfeit $4,252.45. The court ordered forfeiture (Dkt. 49). This matter is before the court on defendant's *pro se* Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41 (g) (Dkt. 55). Specifically defendant seeks return of U.S. currency that was in his wallet at the time of arrest, claiming only the money found in his trunk was subject to forfeiture. For the reasons discussed below, the court denies the motion.

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.
> .

1

2

Section 881(a)(6) of Title 21 provides that all moneys used or intended to be used to facilitate the sale of illegal drugs are "subject to forfeiture to the United States and no property right shall exist in them."

The plea agreement reflects that $3,000 was found in the back seat and "additional currency belonging to the defendant was located in the vehicle or on the defendant." Dkt. 42 at 2. Defendant claims the money in his wallet was from his employment, but provides neither specifics nor evidence in support of his claim such as employment records or pay stubs. In fact, the government asserts defendant told law enforcement that his only source of income in the three months preceding the seizure was from the sale of heroin. Dkt. 56 at 2. The government further avers that the only currency associated with this case was the forfeited $4,252.45. Defendant has failed to show that the money in his wallet was not drug money or that it was not part of the agreed forfeiture; the court therefore denies the motion.

**IT IS THEREFORE ORDERED** this 11th day of October, 2016, that defendant's motion for return of property (Dkt. 55) is **DENIED**.

s/   J. Thomas Marten
J. THOMAS MARTEN, Judge